**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL EDWARD WILLIAMS, | No. 16-16450 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00199-JCM-PAL |
| v. | |
| BANK OF AMERICA, N.A.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 9, 2017[**]

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Michael Edward Williams appeals pro se from the district court's judgment dismissing his action alleging federal and state law violations related to Williams' mortgage. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal on the basis of the statute of limitations and under Fed. R. Civ. P.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

12(b)(6). *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed Williams' Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), intentional misrepresentation, and rescission based upon fraud claims because these claims are barred by the applicable statutes of limitations and Williams failed to plead facts demonstrating that equitable tolling should apply. *See* 12 U.S.C. § 2614 (RESPA claims under 12 U.S.C. § 2607 are subject to a one-year statute of limitations); 15 U.S.C. § 1640(e) (TILA damages claims are subject to a one-year statute of limitations); Nev. Rev. Stat. § 11.190(3)(d) (fraud claims under Nevada law are subject to a three-year statute of limitations); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (federal standard for equitable tolling); *Howard v. Howard*, 239 P.2d 584, 588-89 (Nev. 1952) (fraud claim accrues under Nevada law when the defrauded person knows, or could have known through proper diligence, of the fraud).

The district court did not abuse its discretion by denying leave to amend because amendment would be futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (setting forth standard of review and permitting denial of leave to amend where amendment would be futile).

We do not consider issues not specifically and distinctly raised and argued in

the opening brief.  *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**